CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY WAYNE BYINGTON, | ) | CASE NO. 7:14CV00597 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| DOCTOR MOSES, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Larry Wayne Byington, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint alleges that the defendant jail doctor

> cause[d] ruptured c[y]st which cause[d] back felow [sic] into blood stream. Blood poisoning from ruptured c[y]st induced extreme temp [sic] cause site [sic] and hearing los[s] and damage. I have got max low facial [sic] permanent damage and constant recurring insomnia.

(Compl. 2.) Byington sues the doctor and a nurse, seeking punitive damages. Upon review of these brief allegations, the court concludes that the complaint must be summarily dismissed for failure to state any constitutional claim actionable under § 1983.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A § 1983 plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Byington does not allege that the defendant nurse personally took any action in violation of his rights. Therefore, his complaint states no actionable § 1983 claim against her.

Byington does allege sparse facts concerning the jail doctor's actions, but nevertheless, fails to state any actionable § 1983 claim against the doctor. A prison doctor's alleged medical malpractice does not state a federal constitutional claim and thus is not actionable under § 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (Eighth Amendment).[1] To proceed under § 1983 on a claim regarding his course of medical treatment, an inmate must state facts showing that the defendant official acted with deliberate indifference to the inmate's serious medical needs. Id. at 102. An official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's sparse allegations indicate that, regrettably, he suffered some serious medical side effects after a cyst ruptured. His stated facts do not, however, present the elements of a constitutional claim against the defendant doctor related to these conditions. Specifically, plaintiff does not state facts suggesting the doctor knew that the unspecified treatment he provided to plaintiff created an excessive risk of physical harm to his patient. Because the complaint states, at most, an accusation of negligence, it does not state any actionable § 1983

---

[1] It is not clear from plaintiff's pleadings whether he was a pretrial detainee or a convicted felon at the time of the alleged violations. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment, which protects convicted defendants. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992).

2

claim against the defendants. Therefore, the court dismisses the action without prejudice under § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of November, 2014.

*/s/ Chief United States District Judge*

Chief United States District Judge